IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-93-271-1 |
| | § | CIVIL ACTION NO. H-09-3754 |
| LION BOULOS, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**GRANTING GOVERNMENT'S MOTION TO DISMISS**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Lion Boulos' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 251), and the Government's Response and Motion to Dismiss as Time Barred (Document No. 255). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Response and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss as Time Barred be GRANTED, that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time barred.

**I.     Introduction and Procedural History**

Movant Lion Boulos ("Boulos"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is

Boulos' first motion pursuant to § 2255.

On November 1, 1993, Boulos was charged by Indictment with conspiracy to evade the excise tax on the sale of diesel fuel, in violation of 26 U.S.C. § 7201 (count 1), and five counts of attempting to evade the federal excise tax on the sale of diesel fuel, in violation of 26 U.S.C. § 7201 (counts 2-6) (Document No. 1). On February 30, 1994, following a nine day jury trial, Boulos was found guilty of all six counts alleged against him in the Indictment (Document No. 108). Prior to sentencing, Boulos fled; He remained a fugitive until 2005, when he voluntarily surrendered. Thereafter, on February 3, 2006, Boulos was sentenced to sixty months confinement on count one, and a consecutive term of twenty-four months confinement on counts 2-6, to be followed by a three year term of supervised release, and a fine of $125,000 ( Document No. 231). A Judgment of Conviction was entered on February 13, 2006 ( Document No. 236). In a one sentence Order, Boulos' conviction was affirmed on appeal on July 17, 2007 (Document No. 250).

On or about October 30, 2009, Boulos filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 251).[1] The Government, in response, filed a Response and a Motion to Dismiss as Time Barred (Document No. 255), to which Boulos has not filed a response in opposition. This § 2255 proceeding is ripe for ruling.

**II.   Claims**

---

[1] Boulos' § 2255 Motion is signed and dated October 18, 2009. However, in the "proof of service" attached by Bolos to his § 225 motion, Boulos stated that he mailed his § 2255 motion on October 30, 2009. Given the mailbox rule for prisoners' filings in federal court, *Houston v. Lack*, 487 U.S. 266 (1988), Boulos' § 2255 Motion will be construed has having been filed on October 30, 2009, the date he claims to have mailed it.

Boulos contends in his § 2255 motion that his trial counsel was ineffective for: (1) waiving his right to a speedy trial; and (2) failing to appeal the District Court's denial of several pretrial motions, including a motion to suppress, a motion to examine prospective jurors, a motion for continuance, and a "motion to improve voir dire conditions."

The Government, in its responsive pleading, argues that Boulos' § 2255 motion is time-barred, having been filed more than one year after Boulos' conviction became final.

### III.   Discussion – Limitations

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

(f)   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1)   the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Boulos' conviction was affirmed on appeal on July 17, 2007. His conviction became final ninety days thereafter, on October 15, 2007, when he did not file a petition for certiorari with the United States Supreme Court. SUP. CT. R. 13.1 ("a petition for certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment"); *Clay v. United States*, 537 U.S. 522 (2003)

("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one year limitations period starts to run when the time for seeking such review expires."); *United States v. Gamble*, 208 F.3d 539 (5th Cir. 2000) (§ 2255's statute of limitations begins to run when the time for filing a petition for certiorari expires). Boulos then had one year from October 15, 2007, until October 15, 2008, to file a timely § 2255 motion. Boulos' § 2255 motion was not filed until October 30, 2009, over a year too late.

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(2), (3), and (4), none is applicable in this case. Boulos' § 2255 motion cannot be considered timely under § 2255(2) because Boulos has not alleged that he was in any way impeded by Government action from filing a timely § 2255 motion. In addition, Boulos' motion cannot be considered timely under § 2255(3) because Boulos has not asserted a claim based on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. Finally, Boulos' § 2255 motion cannot be considered timely under § 2255(4) because Boulos has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final.

In addition, there is no equitable basis in the record for extending the limitations period. Rare and exceptional circumstances may warrant the application of equitable tolling principles to late-filed habeas corpus applications. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 199), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In addition, ignorance of the law, and "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Felder v.*

4

*Johnson*, 204 F.3d 168, 171-173 (5th Cir.), *cert. denied*, 531 U.S.1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002).

Boulos filed this proceeding over a year too late. He has offered no explanation about this untimely filing. Nor has he filed any response to the Government's Motion to Dismiss as Time-Barred. Because Boulos' § 2255 motion was not timely filed and because there are no grounds in the record for equitable tolling, the Government's Motion to Dismiss as Time Barred should be granted.

**IV.   Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Movant Lion Boulos' § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss as Time Barred (Document No. 255) be GRANTED, that Lion Boulos' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 251) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d

5

404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

    Signed at Houston, Texas, this 23 day of April, 2010.

*[signature]*
Frances H. Stacy
United States Magistrate Judge