IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-93-271-1 |
| | § | CIVIL ACTION   NO. H-09-3754 |
| LION BOULOS, | § | |
| | § | |
| Defendant-Movant. | § | |

### ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending is the Government's Motion to Dismiss as Time Barred (Document No. 255) and Movant Lion Boulos's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 251). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that the Government's Motion to Dismiss as Time Barred be GRANTED and that Boulos's Motion to Vacate, Set Aside or Correct Sentence be DENIED. No Objections have been filed to the Memorandum and Recommendation. The Court, after having made a *de novo* determination of the Government's Motion to Dismiss, Boulos's § 2255 Motion to Vacate, Set Aside or Correct Sentence, and the Magistrate Judge's Memorandum and Recommendation, is of the opinion that the findings and recommendations of the Magistrate Judge are correct and should be and hereby are accepted by the Court in their entirety. Therefore,

It is ORDERED and ADJUDGED for the reasons set forth in the Amended Memorandum and Recommendation of the United States

Magistrate Judge signed and entered on April 26, 2010, which is adopted in its entirety as the opinion of the Court, that the Government's Motion to Dismiss (Document No. 255) is GRANTED, and Movant Lion Boulos's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 251) is DENIED and DISMISSED with prejudice. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, which has been adopted as the opinion of the Court, the Court determines that Movant has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would debate the correctness of the limitations ruling.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas this 23rd day of July, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE